[694 NYS2d 118]

In the Matter of ROBERT JAY KATCHER and MICHAEL M. LAUFER, Attorneys, Respondents. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 9, 1999

## APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Robert P. Guido* of counsel), for petitioner.

*Gentile, Brotman & Benjamin,* New York City (*Michael A. Gentile* of counsel), for respondents.

### OPINION OF THE COURT

Per Curiam.

The respondents were served with a petition that contained

one charge of professional misconduct against them. In their answer, the respondents admitted the factual allegations contained in the petition, but denied that they were guilty of any professional misconduct. After a hearing, the Special Referee sustained the one charge. The Grievance Committee now moves to confirm the Special Referee's report. The respondents also move to confirm the Special Referee's report and argue that the sanction imposed should be limited to a public censure.

Charge One alleged that the respondents were convicted of a crime and are, therefore, guilty of professional misconduct within the meaning of 22 NYCRR 691.2.

On or about October 8, 1997, a felony complaint was filed in the First District Court of Nassau County, charging each respondent with unlawful duplication of computer related material (a class E felony) in violation of Penal Law § 156.30 (1), criminal possession of computer related material (a class E felony) in violation of Penal Law § 156.35, and grand larceny in the third degree (a class D felony) in violation of Penal Law § 155.35.

On or about February 23, 1998, before the Honorable Thomas W. Dwyer, District Court Judge, each respondent entered a plea of guilty to an amended and reduced charge of computer tampering in the fourth degree (a class A misdemeanor), in violation of Penal Law § 156.20, in satisfaction of all charges.

On or about April 20, 1998, each respondent was sentenced before the Honorable Philip M. Grella, District Court Judge, to a term of probation of three years, 80 hours of community service, and a $1,000 fine.

In view of the respondents' admissions and testimony at the hearing, the foregoing charge was properly sustained.

In determining the appropriate measure of discipline to impose, the respondents ask the Court to consider their previously unblemished records, the character letters submitted by them, their candor and expressed remorse, their acknowledgments of guilt, and the fact that the section of the Penal Law that they violated was relatively recently enacted (article 156, offenses involving computers, was added to the Penal Law in 1986). The respondents contend that the sanction imposed should be limited to a public censure.

The respondents have no prior disciplinary history.

Under the totality of the circumstances, the respondents are censured for their professional misconduct.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and FLORIO, JJ., concur.

Ordered that the motions of the petitioner and the respondent to confirm the report of the Special Referee are granted; and it is further,

Ordered that the respondents, Robert Jay Katcher and Michael M. Laufer, are censured for their professional misconduct.